**Buddy TITTSWORTH, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

July 31, 1973.

Certiorari Denied by Supreme Court
Oct. 15, 1973.

Smith & Stanley, McMinnville, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

O'BRIEN, Judge.

This defendant was convicted by a jury of assault and battery and sentenced to eleven months and twenty-nine days in the Warren County workhouse, to which the trial judge added a fine of $50.00 and entered judgment accordingly.

Motion for new trial was overruled and the defendant appeals assigning as error that the trial court erred in failing to excuse for cause, a venireman, who on voir dire of the jury, stated that she had both formed and expressed an opinion as to the guilt or innocence of the defendant and that it would take some evidence to change this opinion, the defendant, having exhausted all of his challenges peremptorily.

Our examination of this record indicates that in the course of the voir dire examination, four peremptory challenges had been utilized by the defendant prior to the challenge for cause of the jury woman to whose selection and placement on the jury this assignment is directed. When the challenge for cause was raised the trial judge interrogated the prospective juror and found that she was qualified and competent to serve. Counsel for defendant noted an exception to the court's ruling, and thereafter exercised four additional peremptory challenges to other jurors before again challenging the juror Brown for cause. Under those circumstances, we do not find the assignment of error to be valid. McGowan v. State, 17 Tenn. 184; Carroll v. State, 22 Tenn. 315; Preswood v. State, 50 Tenn. 468; Holcomb v. State, 76 Tenn. 417; Taylor v. State, 79 Tenn. 708; Wooten v. State, 99 Tenn. 189, 41 S. W. 813.

While it is always the wiser course to dismiss a challenged juror wherever there is any doubt of his competency, based on the record in this cause, we do not find the challenged juror in this case to have been incompetent. By a supplemental brief filed, there are allegations made of an abrogation of constitutional rights because the trial judge had failed to excuse the juror after she stated she had both formed and expressed an opinion as to guilt or innocence of the defendant. Our examination of the record fully satisfies us that this juror made the statement for the exclusive purpose of satisfying herself as well as the court that her prior expressions of opinion would not introduce any element of unfairness in the trial of

the defendant. She was fully interrogated by both court and counsel and we have no doubt that she was a fair and competent juror. As stated in Mahon v. State, 127 Tenn. 535, 156 S.W. 458, in dealing with a similar question, "The Constitution of this state guarantees to the accused a fair and impartial trial, which necessarily includes a trial before a fair and impartial jury." The United States Constitution requires no more than this, and we would be derelict in our duties to extend a rule beyond these constitutional requirements in a case of this nature.

■ By his supplemental assignment, the further issue is raised that the verdict is contrary to the law and the evidence. We do not find it so. The record in this case clearly establishes by the testimony of impartial witnesses that the defendant and his prosecutor engaged in mutual combat. The State's evidence tends to show that the defendant was the instigator of the controversy in the course of which he attacked the prosecutor with a wooden stick or bat. The evidence is sharply conflicting, the testimony by the defendant and his witnesses being to the effect that defendant was acting in his own self-defense when he struck the prosecutor with the stick. This assignment is considered, as stated in *Mahon,* supra, " . . . according to the well-known rule of this court that it will not reverse a criminal case upon the evidence, unless it is shown that the evidence preponderates against the verdict of guilty and in favor of the innocence of the prisoner. Anything short of such a rule in this court would result in a lax and nerveless enforcement of the law, which would fail to protect society against the offenses of the criminal, and would convert a revising court into a mere trier of facts" . . . "these discrepancies, and the credibility of the witnesses, were submitted to the jury, and they have found in favor of the state. Upon this testimony, we think it is quite clear that the evidence not only does not preponderate against the verdict, but that the verdict is well supported."

The assignments of error are overruled and the judgment of the trial court affirmed.

WALKER, P. J., and DWYER, J., concur.